Filed 11/23/22 P. v. Stinson CA3
Opinion following rehearing

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093993 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04902) |
| v. | OPINION ON TRANSFER AFTER GRANT OF REHEARING |
| DAVONTE STINSON, | |
| Defendant and Appellant. | |

We granted rehearing from an opinion issued in this case after we received it on transfer from our Supreme Court, subsequent to that court's decision in *People v. Tirado* (2022) 12 Cal.5th 688. As we describe in more detail below, we have received and considered multiple briefs from both parties in this case, as well as supplemental authority letters from both parties, and heard oral argument on rehearing.

1

We now agree with the parties that the matter should be remanded for a full resentencing hearing, where the trial court may consider exercise of its discretion regarding the sentencing issues on appeal as well as any other new laws related to sentencing that may apply to defendant.

## BACKGROUND

"On January 1, 2018, Senate Bill No. 620 (2017-2018 Reg. Sess.) (Senate Bill No. 620) went into effect. (Stats. 2017, ch. 682, §§ 1-2.) Senate Bill No. 620 amended sections 12022.5 and 12022.53, granting trial courts discretion pursuant to section 1385 to strike or dismiss certain firearm enhancements. (§§ 12022.5, subd. (c) (12022.5(c)); 12022.53, subd. (h) . . . .)

"Relying primarily on legislative intent, on January 20, 2022, our Supreme Court held in *Tirado* that although the amendments at issue spoke only in terms of striking or dismissing a firearm enhancement, trial courts also have discretion under Senate Bill No. 620 to *reduce* section 12022.53 enhancements to uncharged lesser included enhancements. As relevant here, this interpretation left unresolved an apparent conflict with other unamended statutory provisions that required imposition of the harshest available punishment (see § 12022.53, subd. (f) . . .) [requiring the court to impose 'the enhancement that provides the longest term of imprisonment'] and appeared to limit sentencing to enhancements contained within the same statute unless the other statute provided for harsher consequences (§ 12022.53, subd. (j) . . . [requiring the court to impose punishment for the § 12022.53 enhancement 'rather than imposing punishment authorized under any other' statute unless the other enhancement provides for a more severe penalty or a longer prison term]." (*People v. Johnson* (2022) 83 Cal.App.5th 1074, 1080-1081 (*Johnson*).)

Several years before Senate Bill No. 620 was enacted, a jury found defendant guilty of kidnapping for the purpose of robbery, two counts of robbery, and two counts of firearm possession by a felon. (*People v. Stinson* (2019) 31 Cal.App.5th 464, 474.) The

jury also found true an enhancement allegation that defendant personally used a firearm to commit one of the robberies. (§ 12022.53, subd. (b) (12022.53(b)); *Stinson,* at p. 474.) The trial court sentenced him to a determinate term of 17 years eight months in state prison, which included 10 years for the firearm enhancement, plus a consecutive prison term of seven years to life. (*Stinson*, at p. 474.) Another panel of this court affirmed the judgment but remanded for, as relevant here, "exercise [of] its discretion under section 12022.53, subdivision (h), whether to strike the section 12022.53, subdivision (b), enhancement." (*Id.* at p. 478.)

On remand, the trial court denied defendant's request to strike the enhancement. Defendant appealed that decision, and we affirmed the trial court's order in an unpublished opinion. (*People v. Stinson* (Nov. 29, 2021, C093993) [nonpub. opn.].) The Supreme Court granted review and held the case pending resolution of *Tirado*; that court ultimately transferred this case back to us with directions to vacate our decision and reconsider the cause in light of *Tirado*. On transfer, defendant argued for remand, to allow the trial court to consider striking the section 12022.53(b) enhancement and imposing a section 12022.5, subdivision (a) enhancement instead, an action that would make a shorter prison term available. The Attorney General did not file a brief on transfer.

Noting the Attorney General offered no opposition, we agreed with defendant that the trial court should be permitted to consider striking the section 12022.53(b) enhancement and imposing a shorter, section 12022.5 enhancement instead. (*People v. Stinson* (May 24, 2022, C093993) [nonpub. opn.].) In doing so, we referenced *Tirado* as well as *People v. McDavid* (2022) 77 Cal.App.5th 763, review granted September 28, 2022, S275940 (rehg. granted May 13, 2022, sub. opn. filed July 14, 2022), then the only published opinion on the issue. The Attorney General subsequently petitioned for rehearing, noting the recently vacated status of the *McDavid* opinion, and arguing the trial court had no discretion to impose an uncharged section 12022.5, subdivision (a)

enhancement in lieu of the binary choice of striking or maintaining a section 12022.53 enhancement.

We granted rehearing and directed the parties to submit written arguments, which they did. We then permitted the parties to submit supplemental briefing regarding additional statutes concerning sentencing that are now in effect and their potential application to defendant, as well as addressing the effect of *Johnson, supra,* 83 Cal.App.5th 1074 and *People v. Fuller* (2022) 83 Cal.App.5th 394 on defendant's request for remand. On November 14, 2022, we heard oral argument in the case, and it was deemed submitted once again.

## DISCUSSION

Defendant contends this matter must be remanded for a resentencing hearing to allow the trial court to exercise its discretion to strike the section 12022.53(b) enhancement and impose a lesser, section 12022.5 enhancement pursuant to *People v. Tirado, supra*, 12 Cal.5th 688; *Johnson, supra*, 83 Cal.App.5th 1074; and *People v. Fuller, supra*, 83 Cal.App.5th 394. The Attorney General does not take a position on this contention in the final round of briefing, instead asserting that this court "need not decide the *Tirado* issue" because the matter must be remanded in any event for other reasons. We disagree with that assertion.

Defendant's appeal specifically raised the issue of whether the trial court has discretion to strike a section 12022.53(b) enhancement and impose a lesser included enhancement in its stead. The Attorney General specifically argued against such discretion in his previous briefing. Remand for resentencing without deciding that issue would be singularly unhelpful to the trial court and parties.

A different panel of this court has already answered the question of "whether trial courts have discretion to strike a section 12022.53(b) enhancement and substitute an uncharged, section 12022.5(a) enhancement" in the affirmative, and we agree with that answer. (*Johnson*, *supra*, 83 Cal.App.5th at pp. 1086, 1089-1090.) With the addition of

4

section 12022.53, subdivision (h), the Legislature "conferred on trial courts the discretion to be more flexible in sentencing, . . . [to] allow the punishment to fit the offense." (*Johnson*, at p. 1090.) Now, once a trial court has exercised its discretion to strike one or more section 12022.53 enhancements such that there are no remaining section 12022.53 enhancements that attach to the count at issue, the court may consider imposing any lesser included enhancements in lieu of the stricken enhancement(s), including those found in section 12022.5. (*Johnson,* at pp. 1089-1090.)

Defendant also contends remand for resentencing is appropriate under the amendments to section 1170, subdivision (b)(6) made by Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), under Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441), which expanded the trial court's sentencing discretion with respect to choosing which term to stay under section 654, and under the amendments to section 1385 made by Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, §1). The Attorney General agrees, as do we.

The trial court may consider any other new sentencing laws that apply to defendant, as his judgment is not yet final. (See *People v. Sek* (2022) 74 Cal.App.5th 657, 674; *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

Defendant's sentence is vacated and the matter remanded for a full resentencing and exercise of discretion by the trial court under the current sentencing laws.


        /s/

Duarte, Acting P.J.

I concur:


        /s/

Hoch, J.

KRAUSE, J., Concurring.

    I concur only in the result. I agree with the Attorney General that, given his concession that remand for full resentencing is warranted under several newly-enacted sentencing laws, there is no need for us to decide the lesser uncharged firearm enhancement issue at this juncture. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

/s/
_____
Krause, J.

1